UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COTY LEWIS,

           Plaintiff,           Case No. 1:21-cv-12846

v.                                       Honorable Thomas L. Ludington
                                              United States District Judge
SOLE LAW, PLLC and KATHRYN SOLE,
                                              Honorable Patricia T. Morris
           Defendants.          United States Magistrate Judge
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (4) DISMISSING CASE WITH PREJUDICE**

Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation ("R&R"). Plaintiff's objections will be overruled because he did not properly file or explain them. His objections nevertheless fail on the merits. Thus, the R&R will be adopted, Defendants' Motion to Dismiss will be granted, and Plaintiff's Complaint will be dismissed with prejudice.

I.

Plaintiff Coty Lewis has sued Defendants Kathryn Sole and her law firm Sole Law under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.[1] ECF No. 1. The case was referred to Magistrate Judge Patricia T. Morris. ECF No. 4.

---

[1] For a discussion of the purposes of the FDCPA, see Elwin Griffith, *The Search for Better Communication Between the Debt Collector and the Consumer Under the Fair Debt Collection Practices Act*, 61 U. KAN. L. REV. 179, 179–82 (2012). For an examination of the FDCPA's history, see generally Logan Kraus, Note, *A Forgotten Past Creates a Fractured Present: Why Courts Should Utilize Historical Context When Interpreting Ambiguous Provisions of the 1977 Fair Debt Collection Practices Act*, 102 IOWA L. REV. 1789 (2017).

The following facts come verbatim from Magistrate Judge Patricia T. Morris's R&R, which the parties have not contested:

> Acuity Real Estate Services operates a website which refers prospective clients to real estate brokerages throughout the country. (ECF No. 1-3, PageID.43). Seeking new clients who wished to purchase homes in the mid-Michigan area, a Re/Max New Image franchise located in Saginaw County entered into a referral agreement with Acuity through Acuity's website. (ECF No. 1, PageID.3–4, ¶ 13). Under their agreement, Acuity referred a group of prospective clients to Re/Max in exchange for thirty-five percent of the commission Re/Max received from any sale involving the prospective clients. (ECF No. 1-1, PageID.29). Coty Lewis, a "salesperson" for Re/Max, signed the agreement on behalf of his franchise. (ECF No. 1, PageID.3–4, ¶ 13; ECF No. 1-1, PageID.29–30).
>
> The following year, Acuity sued Lewis in a Florida court, alleging that while [Plaintiff] brokered a sale on behalf of a client provided by Acuity, neither [Plaintiff] nor Re/Max paid Acuity its referral fee. (ECF No. 1, PageID.4–5, ¶¶ 16, 18). [Defendant] Kathryn Sole, a Florida attorney and the "managing member" of Sole Law PLLC, represented Acuity in this lawsuit and successfully obtained a judgment against Lewis. (*Id.* at PageID.2, 4–5, ¶¶ 2–3, 18, 21). With [Defendant's] help, Acuity later obtained a garnishment of Lewis's wages. (*Id.* at PageID.5, ¶ 23).
>
> According to [Plaintiff], his case is not unique. Since 2014, [Defendant] represented Acuity in thirty collection lawsuits. (*Id.* at PageID.7). In each case, despite entering into a referral agreement with a brokerage company, Acuity sued the individual "salesperson" who handled the referred clients. (*Id.*; ECF No. 1-6). Acuity sued each salesperson "in their personal capacity," and brought each suit in its "home forum of Hillsborough County, Florida." (ECF No. 1, PageID.14, ¶ 60; ECF No. 1-6).
>
> After [Defendant] obtained a garnishment on behalf of Acuity, [Plaintiff] filed a complaint against [Defendant] and her law firm in this Court, alleging that [they] violated various provisions of the FDCPA by pursuing Acuity's lawsuit in a Florida court. (ECF No. 1). [Defendant]—individually and on behalf of her firm—responded by moving for dismissal of [Plaintiff's] entire complaint, arguing that this Court lacks personal jurisdiction over [Defendants], and alternatively, that [Plaintiff] failed to state a plausible claim for relief under the FDCPA. (ECF No. 6).

*Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 3337137, at *1 (E.D. Mich. June 22, 2022).[2]

---

[2] For this Court's grant of Acuity's motion to dismiss in Plaintiff's companion case involving the same incident, see generally *Lewis v. Acuity Real Est. Servs., LLC*, No. 1:21-CV-12319, 2022 WL 1036761 (E.D. Mich. Apr. 6, 2022). That action is currently pending appeal, which Plaintiff filed. *See Lewis v. Acuity Real Est. Servs., LLC*, No. 22-1406 (6th Cir. filed May 6, 2022).

After reviewing the parties' briefing on Defendants' Motion to Dismiss, Judge Morris issued her R&R. *Id.* Judge Morris recommended that Defendants' Motion to Dismiss be granted and that the case be dismissed. *Id*. at *7.

Plaintiff filed two objections, ECF No. 64, to which Defendants have responded, ECF No. 13. As explained below, Plaintiff's objections will be overruled, Judge Morris's R&R will be adopted in part, Defendants' Motion to Dismiss will be granted, and the case will be dismissed with prejudice.

## II.

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court is free to accept, to reject, or to modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-

CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021). If it will adopt the R&R, then the court "would not need to state with specificity what it reviewed," only "that it has engaged in a de novo review of the record and adopts the [R&R]." *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (citing 12 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)).

### III.

#### A.

Plaintiff did not properly file his objections. The R&R directed that Plaintiff's "objections must be labeled as 'Objection No. 1,' 'Objection No. 2,' etc." *Lewis v. Sole L.*, PLLC, No. 1:21-CV-12846, 2022 WL 3337137, at *7 (E.D. Mich. June 22, 2022). But Plaintiff did not label, number, or refer to his objections accordingly. *See generally* ECF No. 12. In this way, Plaintiff did not properly raise his objections. *Behnam v. Comm'r of Soc. Sec.*, No. 1:20-CV-12876, 2022 WL 814018, at *5 n.3 (E.D. Mich. Mar. 17, 2022). Because Plaintiff did not identify his objections as directed by the Magistrate Judge, Plaintiff has also waived his right to appeal the denial of his objections. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

For improperly objecting, Plaintiff's objections will be overruled, and the Magistrate Judge's R&R will be adopted.

#### B.

Even if Plaintiff had properly objected, his objections merely raise the same arguments that he presented to Judge Morris. *See generally* ECF No. 12. But Judge Morris already considered and rejected both arguments. *See Lewis*, 2022 WL 3337137, at *5–7 (finding that the FDCPA does not apply to Plaintiff's "debt" because he acknowledged that it is "unquestionably of a commercial

character" (quoting ECF No. 1 at PageID.10)); *id.* at \*7 (finding that Defendants are not "debt collectors" under the FDCPA because Plaintiff "d[id] not allege that Defendants collect 'debts.'").

Yet Plaintiff has made no effort to demonstrate a flaw in Judge Morris's analysis. Indeed, he has not made a single substantive citation to the R&R. *See generally* ECF No. 12. Instead, he filed a lengthy harangue targeting Defendant's arguments and briefs. *See id.* at PageID.467–71. A district court is "not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Nelson v. Saul*, No. 19-CV-12964, 2021 WL 688583, at \*4 (E.D. Mich. Feb. 23, 2021) (citing *Sanders v. Saul*, No. 19-CV-12475, 2020 WL 5761025 at \*2 (E.D. Mich. Sept. 25, 2020); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (An objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

For this reason, too, Plaintiff's objections will be overruled.

## C.

Plaintiff's objections will also be overruled on the merits.

As Judge Morris correctly stated, it is well established that "the FDCPA only applies to consumer debts which arise from a transaction for a good or service intended 'primarily for personal, family, or household purposes'—commercial debts do not fall under the scope of the FDCPA." *Lewis v. Sole L.*, PLLC, No. 1:21-CV-12846, 2022 WL 3337137, at \*5 (E.D. Mich. June 22, 2022) (first quoting 15 U.S.C. § 1692a(5) (2018); and then citing *Bauman v. Bank of Am.*, 808 F.3d 1097, 1100 (6th Cir. 2015)); *accord Conboy v. U.S. Small Bus. Admin.*, 992 F.3d 153, 157 (3d Cir. 2021); *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102 (2d Cir. 2016) (unpublished) (quoting *Goldman v. Cohen*, 445 F.3d 152, 154 n.1 (2d Cir.

2006)); *Hall v. Phenix Investigations, Inc.*, 642 F. App'x 402, 405 (5th Cir. 2016) (per curiam) (unpublished); *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (per curiam) (unpublished); *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1074 (9th Cir. 2001) (quoting *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992)); *In re Pasley*, 596 B.R. 577, 584 (Bankr. W.D. Ky. 2019) (citations omitted).

Plaintiff "concedes that his obligation to pay Acuity arises out of a transaction that was 'unquestionably of a commercial character.'" *Lewis*, 2022 WL 3337137, at *5 (quoting ECF No. 1 at PageID.10). Thus, the commercial debt at issue is not cognizable under the FDCPA, Plaintiff's first objection will be overruled on the merits, and his second objection will be overruled as moot. Consequently, Defendants' Motion to Dismiss will be granted and the Complaint will be dismissed with prejudice.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 12, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 11, is **ADOPTED**.

Further, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 6, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case**.

Dated: September 21, 2022                    s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge