UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COTY LEWIS,

        Plaintiff,                               Case No. 1:21-cv-12846

v.                                            Honorable Thomas L. Ludington
                                                  United States District Judge

SOLE LAW, PLLC,

        Defendant.
_____/

**ORDER DIRECTING CLERK OF COURT TO TRANSFER MOTION TO UNITED STATES COURT OF APPEALS FOR SIXTH CIRCUIT**

Plaintiff Coty Lewis sued Defendants Kathryn Sole and her law firm Sole Law under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p. ECF No. 1. The case was referred to Magistrate Judge Patricia T. Morris. ECF No. 4.

After reviewing the parties' briefing on Defendants' Motion to Dismiss, Judge Morris issued in R&R recommending that Defendants' Motion to Dismiss be granted and that the case be dismissed. *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 3337137, at *7 (E.D. Mich. June 22, 2022). Plaintiff objected. ECF No. 64.

Then this Court procedurally and substantively overruled Plaintiff's objections, adopted Judge Morris's R&R, granted Defendants' Motion to Dismiss, and dismissed the case with prejudice. *See generally Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 4365706, at *4 (E.D. Mich. Sept. 21, 2022).

Plaintiff filed a notice of appeal of the Judgment. ECF No. 16. Confusingly, he then filed a combined motion to amend or to alter the judgment under Rule 59(e) and for relief from the judgment under Rule 60(b). ECF No. 18.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992).

Plaintiff's Notice of Appeal divests this Court of jurisdiction to consider his Motion. Jurisdiction of Plaintiff's Judgment transferred to the Sixth Circuit Court of Appeals upon the filing of the Notice of Appeal of his Judgment. Thus, Plaintiff's Motion to amend, to alter, or for relief from the Judgment, which obviously involves Plaintiff's Judgment, may be addressed by only the Sixth Circuit. *See Grizzell v. Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984). This Court will, therefore, direct the Clerk of the Court to transfer Plaintiff's Motion to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.[1]

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer Plaintiff's Motion to Amend or Relief in Part from the Judgment, ECF No. 18, to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Dated: October 11, 2022                           s/Thomas L. Ludington
                                                                     THOMAS L. LUDINGTON
                                                                     United States District Judge

---

[1] For this Court's grant of Acuity's motion to dismiss in Plaintiff's companion case involving the same incident, see generally *Lewis v. Acuity Real Est. Servs., LLC*, No. 1:21-CV-12319, 2022 WL 1036761 (E.D. Mich. Apr. 6, 2022). That case is also on appeal at the Sixth Circuit, which Plaintiff filed. *See Lewis v. Acuity Real Est. Servs., LLC*, No. 22-1406 (6th Cir. filed May 6, 2022).