UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COTY LEWIS,

                    Plaintiff,                              Case No. 1:21-cv-12846

v.                                                  Honorable Thomas L. Ludington
                                                  United States District Judge

SOLE LAW, PLLC,

                    Defendant.
_____/

**ORDER DIRECTING CLERK OF COURT TO TRANSFER MOTION TO UNITED
STATES COURT OF APPEALS FOR SIXTH CIRCUIT**

Plaintiff Coty Lewis sued Defendants Kathryn Sole and her law firm Sole Law under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p. ECF No. 1. The case was referred to Magistrate Judge Patricia T. Morris. ECF No. 4.

After reviewing the parties' briefing on Defendants' Motion to Dismiss, Judge Morris issued in R&R recommending that Defendants' Motion to Dismiss be granted and that the case be dismissed. *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 3337137, at *7 (E.D. Mich. June 22, 2022). Plaintiff objected. ECF No. 64.

Then this Court procedurally and substantively overruled Plaintiff's objections, adopted Judge Morris's R&R, granted Defendants' Motion to Dismiss, and dismissed the case with prejudice. *See generally Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 4365706, at *4 (E.D. Mich. Sept. 21, 2022).

Plaintiff filed a notice of appeal of the Judgment, ECF No. 16, followed by a combined motion to amend or to alter the judgment under Rule 59(e) and for relief from the judgment under

Rule 60(b). ECF No. 18. For lack of jurisdiction, this Court directed transfer of that Motion to the Sixth Circuit. ECF No. 19.

Despite this Court explaining that it lacked jurisdiction for all matters "involved in the appeal," Defendants filed a motion for sanctions against Plaintiff. ECF No. 20.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992) ("It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court.") (collecting cases).

Plaintiff's Notice of Appeal divests this Court of jurisdiction to consider Defendants' Motion. The Notice of Appeal transferred jurisdiction of the Judgment to the Sixth Circuit Court of Appeals. The Judgment dismissed Plaintiff's Complaint. In this way, the Complaint is involved in the appeal. Defendants' Motion seeks sanctions based on the lack of merit of Plaintiff's Complaint, which is the issue on appeal. Thus, Defendants' Motion depends on an aspect of the case involved in the appeal: the merits of the Complaint. Therefore, Defendants' Motion may be addressed by only the Sixth Circuit. *See Grizzell v. Tennessee*, 601 F. Supp. 230, 232 (M.D. Tenn. 1984) (transferring motion for appointed counsel to court of appeals because jurisdiction was transferred to the court of appeals). Consequently, this Court must direct the Clerk of the Court to transfer Plaintiff's Motion to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer Defendants' Motion for Sanctions, ECF No. 20, to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Dated: October 18, 2022                     s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge