UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COTY LEWIS,

          Plaintiff,          Case No. 1:21-cv-12846

v.          Honorable Thomas L. Ludington
          United States District Judge

SOLE LAW, PLLC and KATHRYN SOLE,

          Honorable Patricia T. Morris
          Defendants.          United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR TO RELIEVE JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SANCTIONS**

Coty Lewis filed this case to prevail on a question of first impression. In sum, he wants the Fair Debt Collection Practices Act (FDCPA) to apply to debts that are not commercial.

But he lost twice, and then his case was dismissed. So he is seeking relief from the judgment. And, because he lost, Defendants are seeking sanctions. Both motions will be denied.

**I.**

Plaintiff Coty Lewis has sued Defendants Kathryn Sole and her law firm Sole Law under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.[1] ECF No. 1. The case was referred to Magistrate Judge Patricia T. Morris. ECF No. 4.

The following facts come verbatim from Magistrate Judge Patricia T. Morris's Report and Recommendation (R&R), which the parties have not contested:

---

[1] For a discussion of the purposes of the FDCPA, see Elwin Griffith, *The Search for Better Communication Between the Debt Collector and the Consumer Under the Fair Debt Collection Practices Act*, 61 U. KAN. L. REV. 179, 179–82 (2012). For an examination of the FDCPA's history, see generally Logan Kraus, Note, *A Forgotten Past Creates a Fractured Present: Why Courts Should Utilize Historical Context When Interpreting Ambiguous Provisions of the 1977 Fair Debt Collection Practices Act*, 102 IOWA L. REV. 1789 (2017).

> Acuity Real Estate Services operates a website which refers prospective clients to real estate brokerages throughout the country. Seeking new clients who wished to purchase homes in the mid-Michigan area, a Re/Max New Image franchise located in Saginaw County entered into a referral agreement with Acuity through Acuity's website. Under their agreement, Acuity referred a group of prospective clients to Re/Max in exchange for thirty-five percent of the commission Re/Max received from any sale involving the prospective clients. Coty Lewis, a "salesperson" for Re/Max, signed the agreement on behalf of his franchise.
>
> The following year, Acuity sued Lewis in a Florida court, alleging that while [Plaintiff] brokered a sale on behalf of a client provided by Acuity, neither [Plaintiff] nor Re/Max paid Acuity its referral fee. [Defendant] Kathryn Sole, a Florida attorney and the "managing member" of Sole Law PLLC, represented Acuity in this lawsuit and successfully obtained a judgment against Lewis. With [Defendant's] help, Acuity later obtained a garnishment of Lewis's wages.
>
> According to [Plaintiff], his case is not unique. Since 2014, [Defendant] represented Acuity in thirty collection lawsuits. In each case, despite entering into a referral agreement with a brokerage company, Acuity sued the individual "salesperson" who handled the referred clients. Acuity sued each salesperson "in their personal capacity," and brought each suit in its "home forum of Hillsborough County, Florida."
>
> After [Defendant] obtained a garnishment on behalf of Acuity, [Plaintiff] filed a complaint against [Defendant] and her law firm in this Court, alleging that [they] violated various provisions of the FDCPA by pursuing Acuity's lawsuit in a Florida court. [Defendant]—individually and on behalf of her firm—responded by moving for dismissal of [Plaintiff's] entire complaint, arguing that this Court lacks personal jurisdiction over [Defendants], and alternatively, that [Plaintiff] failed to state a plausible claim for relief under the FDCPA.

*Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 3337137, at *1 (E.D. Mich. June 22, 2022) (internal citations omitted).[2]

After Judge Morris's recommendation, this Court procedurally and substantively overruled Plaintiff's objections to the R&R, adopted the R&R, granted Defendants' Motion to Dismiss, and dismissed the case with prejudice. *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 4365706 (E.D. Mich. Sept. 21, 2022) (overruling Plaintiff's objections "[f]or improperly objecting," for

---

[2] For this Court's grant of Acuity's motion to dismiss in Plaintiff's companion case involving the same incident, see generally *Lewis v. Acuity Real Est. Servs., LLC*, No. 1:21-CV-12319, 2022 WL 1036761 (E.D. Mich. Apr. 6, 2022). That case is currently pending appeal, which Plaintiff filed. *See Lewis v. Acuity Real Est. Servs., LLC*, No. 22-1406 (6th Cir. filed May 6, 2022).

"rais[ing] the same arguments" without "demonstrate[ing] a flaw in Judge Morris's analysis," and because "the commercial debt at issue is not cognizable under the FDCPA").

After Plaintiff appealed, he filed a motion to amend or to relieve the judgment, which was transferred to the Sixth Circuit for lack of jurisdiction due to the pending appeal. *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 6775675 (E.D. Mich. Oct. 11, 2022). Then Defendants filed a motion for sanctions, which was also transferred. *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 10667978 (E.D. Mich. Oct. 18, 2022).

But the Sixth Circuit remanded both motions for lack of jurisdiction. *Lewis v. Sole L., PLLC*, No. 22-1918 (6th Cir. Dec. 21, 2022) (remanding the Motion to Amend or to Relieve under Federal Rule of Appellate Procedure 4(a)(4) and the Motion for Sanctions under *Kallok v. Boardman Local School District Board of Education*, 24 F. App'x 496, 498 (6th Cir. 2001)).

The Motion to Amend or to Relieve the Judgment will be denied in Part II, and the Motion for Sanctions will be denied in Part III.

**II.**

**A.**

Plaintiff has filed a motion to amend the judgment under Federal Rule of Civil Procedure 50(e) or to relieve the judgment under Federal Rule of Civil Procedure 60(b)(1) or 60(b)(6).

A party may seek alteration or amendment of a judgment within 28 days of entry. FED. R. CIV. P. 59(e). A district court may grant a Rule 59(e) motion if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Similarly, a district court may relieve a party of its order based on "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "[A] Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)).

And district courts may amend an order under the catch-all provision of Rule 60(b)(6) "for any other reason that justifies relief." *Cernelle v. Graminex, LLC*, 539 F. Supp. 3d 728, 734 (E.D. Mich. 2021), *aff'd*, No. 21-1579, 2022 WL 2759867 (6th Cir. July 14, 2022).

**B.**

As a threshold matter, Plaintiff's Motion will be denied for lack of analysis because he has not identified which of his arguments seek relief under Rule 50(e), 60(b)(1), or 60(b)(6). True, he cites the standard of review for those three rules in conclusory fashion, which he followed with a four-page "argument." *See* ECF No. 18 at PageID.506–09. But Plaintiff's argument does not cite or even reference Rule 59 or Rule 60. Nor does it explain why either of those Rules warrants the relief that he seeks. Nor does he cite any case from any court that might explain why his "argument" warrants relief under Rule 59 or 60. Therefore, Plaintiff's Motion to Amend or to Relieve the Judgment will be denied. *E.g.*, *Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*, No. 1:12-CV-654, 2016 WL 4239184, at *7 (W.D. Mich. Jan. 6, 2016) (denying motion for reconsideration due to "lack of analysis").

Even though Plaintiff has not provided any analysis under Rules 59 or 60, his arguments will be assessed on the merits to the extent that they can be discerned.

## C.

Plaintiff seems to first argue that he properly objected to the R&R. To that end, he relies on *Kelly v. Withrow*, 25 F.3d 363 (6th Cir. 1994) for the proposition that specific objections require no more than "a concise statement of the specific holdings of the magistrate judge to which exception is taken." ECF No. 18 at PageID.506–07.

But Plaintiff's contextomy does not warrant the relief that he seeks. The *Kelly* court "caution[ed] the attorneys of the circuit that a concise statement of specific holdings of the magistrate judge to which exception is taken is the preferred and safer course" because the district judge must be "able to understand and review the specific determinations of the magistrate objected to by the petitioner." *Kelly*, 25 F.3d at 366.

Here, Plaintiff did not take "the preferred and safer course" and did not offer specific objections to the R&R. Rather, he chose to make a general objection. Under binding Sixth Circuit precedent, a general objection to an R&R is a failure to object. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997); *King v. Caruso*, 542 F. Supp.2d 703, 706 (E.D. Mich. 2008). Thus, Plaintiff's failure to file specific objections constituted a waiver of his right of appeal. *Howard*, 932 F.2d at 508.

An "objection" is not valid if it merely disagrees with a magistrate judge's determination "without explaining the source of the error." *Id.* at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Id.* This wastes judicial resources and runs contrary to the purposes of the Magistrates Act. *Id.*; *see also Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (unpublished) (quoting *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 715 (6th Cir. 2001)).

This Court correctly held that, "Plaintiff did not properly file his objections," because he did not comply with the objection requirements that Judge Morris provided in the R&R. *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 4365706, at *2 (E.D. Mich. Sept. 21, 2022). The requirements to label objections as "Objection No. 1, Objection No. 2, etc." is not a "formalistic prerequisite" as Plaintiff suggests; it is a substantive mechanism to ensure that the court can adequately address the exact part of the R&R to which the party is objecting.

As this Court held before, "Plaintiff did not identify his objections as directed by the Magistrate Judge." *Id.* Thus, his general objection waived any further appeal. *Id.* (collecting cases).

Because he failed to object to the R&R properly, Plaintiff's Motion to Amend or to Relieve the Judgment will be denied. FED. R. CIV. P. 59(e), 60(b)(1), (6).

**D.**

Based on the structure of the dismissal order, the next issue would be whether this Court correctly overruled Plaintiff's objections for "merely rais[ing] the same arguments that he presented to Judge Morris." *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 4365706, at *3 (E.D. Mich. Sept. 21, 2022) (citing ECF No. 12).

But this Court correctly noted that "[Plaintiff] ha[d] not made a single substantive citation to the R&R." *Id.* (citing ECF No. 12).

Yet Plaintiff attempts to justify his lack of specificity and citation to the R&R by saying he was advocating for the adoption of a new rule of law, which required him to make the same arguments to this Court that he made to Judge Morris. ECF No. 18 at PageID.509.

But that is exactly what happened in *VanDiver v. Martin*, which courts often cite for the proposition that an objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v.*

*Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004); *accord Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

And, in addition to reraising the same arguments, Plaintiff also did not "pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (first quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982); and then citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)); *accord Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to discern those issues that are dispositive and contentious."); *see also Aldrich*, 327 F. Supp. 2d at 747 ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

Because he failed to object to the R&R properly, Plaintiff's Motion to Amend or to Relieve the Judgment will be denied. FED. R. CIV. P. 59(e), 60(b)(1), (6).

### E.

The final part of the dismissal order reviewed the R&R *de novo* and found that it correctly denied Plaintiff's argument regarding whether the debt at issue was a consumer debt. *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 4365706, at *3 (E.D. Mich. Sept. 21, 2022).

In adopting an R&R, the court need not specifically state what it reviewed; it is sufficient to say that it has engaged in a *de novo* review of the record and adopted the R&R. *Kesler v. Barris, Sott, Denn & Driker, PLLC*, 482 F. Supp. 2d 886, 890 (E.D. Mich. 2007) (citations omitted); 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d

ed. 2022) ("Where the district judge says that review has occurred, as in [United States v. Raddatz, 447 U.S. 667 (1980)], that should suffice.").

Here, after conducting a *de novo* review of the merits of Plaintiff's objection regarding the character of the debt, this Court found not only that Plaintiff "concedes that his obligation to pay Acuity arises out of a transaction that was 'unquestionably of a commercial character,'" but also that the debt therefore was a commercial debt not cognizable under the FDCPA. *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 4365706, at *3 (E.D. Mich. Sept. 21, 2022) (citations omitted). Those holdings are consistent with the cases cited in both the R&R and in this Court's Opinion and Order. ECF Nos. 14 at PageID.493–94; 11 at PageID.452–53.

Yet, again, Plaintiff has made no effort to demonstrate a flaw in Judge Morris's analysis. Nor in this Court's analysis. He merely seeks to change the law. ECF No. 18 at PageID.509 (arguing "for adoption of a different rule of decision").

Because he failed to object to the R&R properly, Plaintiff's Motion to Amend or to Relieve the Judgment will be denied. FED. R. CIV. P. 59(e), 60(b)(1), (6).

### III.

Defendants have filed a motion for sanctions under Federal Rule of Civil Procedure 11. ECF No. 20 at PageID.516 ("Plaintiff and his counsel knew, or should have known, that the debt at issue is not a consumer debt and knowingly filed a frivolous Complaint for an improper purpose.").

### A.

Under Rule 11, sanctions may be imposed if a reasonable inquiry would have disclosed that the pleading, motion, or paper is

(1) not well grounded in fact;

(2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; or
(3) interposed for any improper purpose such as harassment or delay.

*Dunn v. Post*, No. 20-CV-11329, 2021 WL 1439705, at *4 (E.D. Mich. Apr. 16, 2021) (quoting *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010)).

**B.**

Sanctions are not warranted here. Defendants do not seek sanctions under Rule 11(b)(2), only Rules 11(b)(1) and 11(b)(3). ECF No. 20 at PageID.534. Second, Plaintiff's claims are well grounded in fact in that he has not mischaracterized or misstated any facts. ECF No. 23 at PageID.569–70. Nor do Defendants argue otherwise. Third, Plaintiff correctly notes that Defendants "provide[] no evidence for [the] allegation that [Plaintiff] commenced this litigation in retaliation." *Id.* at PageID.568.

Plaintiff calls his claim "an important issue of first impression in the Sixth Circuit," *Id.* If he can safely say so, then it is simply because he is the first to argue that a "debt" for "personal, family, or household purposes" need not be "commercial" to bring a claim under the FDCPA. *See* 15 U.S.C.A. § 1692a(5). "Rule 11 targets situations 'where it is patently clear that a claim has absolutely no chance of success.'" *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991) (quoting *Stern v. Leucadia Nat'l Corp.*, 844 F.2d 997, 1005 (2d Cir. 1988)). In general, legal issues of first impression do not warrant sanctions. *See Pieper v. Am. Arb. Ass'n, Inc.*, 336 F.3d 458, 465 (6th Cir. 2003) (quoting *Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1213 (6th Cir. 1997)).

Although Plaintiff did not prevail in this Court, he explained the three different theories regarding an interpretation of the FDCPA on which the Sixth Circuit "has not directly spoken." ECF No. 23 at PageID.571–72 (first citing *Sluys v Hand*, 831 F. Supp. 321, 323 (S.D.N.Y. 1993);

then citing *Hansen v. Ticket Track, Inc.*, 280 F. Supp. 2d 1196, 1204 (W.D. Wash. 2003); and then citing *Beaton v. Reynolds, Ridings, Vogt & Morgan, PLLC*, 986 F. Supp. 1360 (W.D. Okla. 1998)).

In sum, he seemingly advocates for an extratextual interpretation that furthers "the stated purpose of the FDCPA." *Id.* at PageID.571.

And his arguments have some teeth because the Sixth Circuit has adopted extratextual interpretations. *E.g.*, *United States v. Johnson*, 24 F.4th 590, 601 (6th Cir. 2022) (creating novel extratextual interpretations of Supreme Court precedent interpreting the Sixth Amendment); *see also Baugh v. Nagy*, No. 21-1844, 2022 WL 4589117, at *6 (6th Cir. Sept. 30, 2022) (unpublished) (advocating for extratexual interpretation of AEDPA based on "Congress's intention"); *MRP Props. v. United States*, No. 1:17-CV-11174, 2022 WL 476071, at *3 (E.D. Mich. Feb. 16, 2022) ("It is entirely possible that the Sixth Circuit would overturn *Brighton* to adopt or create a new standard of operator liability under CERCLA."). *Compare Nasser v. Comm'r of Soc. Sec.*, No. 1:20-CV-11752, 2022 WL 16847785, at *2 (E.D. Mich. Apr. 22, 2022) ("[I]t is entirely plausible that the Sixth Circuit would extratextually extend 20 C.F.R. § 404.1520c in a way that supports Plaintiff's argument." (citation omitted)), *with Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022) (refusing to adopt extratextual interpretation of 20 C.F.R. § 404.1520c), *aff'g Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614 (E.D. Mich. 2022). *But see Victor v. Reynolds*, No. 1:20-CV-13218, 2023 WL 112459, at *3 (E.D. Mich. Jan. 5, 2023) ("Reading an extratextual time limit into Rule 37(b) would mean that the court is impermissibly 'taking an ell beyond its inch.'" (quoting *Castanon v. UPS, Inc.*, No. 1:22-CV-11679, 2022 WL 3716037, at *5 (E.D. Mich. Aug. 26, 2022))).

Plaintiff's problem is that no Sixth Circuit precedent supports Plaintiff's position. Such is the nature of federalism and will not warrant sanctions. *See Agarwal v. Morbarck, LLC*, 585 F.

Supp. 3d 1026, 1029–30 (E.D. Mich. 2021) ("Rule 11 does not require potential litigants to predict the future to avoid sanctions."), *aff'd sub nom. Agarwal v. Morbark, LLC*, No. 2022-1348, 2022 WL 2092774 (Fed. Cir. June 10, 2022) (per curiam) (unpublished).

Here, Plaintiff's claim was well grounded in fact, not frivolous, and not intended to harass or to delay. "If attorneys were sanctioned for pursuing reasonable arguments, like those Plaintiff pursued here, attorneys would be practically useless. The only legal claims that could be properly brought would be those involving no question at all." *Id.* at 1030. "With all the injustices in today's world, it can be easy to assume the worst in others. But we would all benefit from a bit more grace." *Id.* Because Plaintiff did nothing but diligently pursue arguments that were reasonable to some other courts, Defendants' Motion for Sanctions will be denied.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Amend or to Relieve the Judgment, ECF No. 18, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that the Defendants' Motion for Sanctions, ECF No. 20, is **DENIED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case**.

Dated: January 24, 2023                               s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge